IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN R. PRESSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 5381 |
| | ) | |
| ERIC K. SHINSEKI, Secretary of | ) | |
| U.S. Department of Veterans Affairs. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted in its entirety.

**BACKGROUND**

Plaintiff Ann R. Pressley (Pressley) alleges that she is employed by the U.S. Department of Veterans Affairs (VA). Pressley contends that in 2008 and 2009 she worked for the VA as a kinesiotherapist and coordinated and developed the Physical Medicine and Rehabilitation Service program (PM&R) at the Jesse Brown VA Medical Center (JBC). In August 2009, Pressley allegedly submitted an application to the KT Boarding Committee (Committee) for promotion to the GS-11 grade with

1

the assistance of Dr. Patrick Barrett (Barrett), the Assistant Chief of PM&R. In February 2010, Marc Applebaum (Applebaum) allegedly became the Chief of PM&R. In April 2012, Applebaum allegedly reassigned Pressley to the Adam Benjamin Jr. Clinic (ABJ), which was 65 miles from Pressley's residence. Pressley was initially assigned on a rotation basis and was then permanently assigned to ABJ. Pressley contends that although a male employee at the VA had been assigned a VA automobile for travel to work, Applebaum refused to authorize a VA automobile for Pressley. Pressley contends that at ABJ she was assigned duties such as unloading wheelchairs from a loading dock and was not allowed to perform the duties she performed at JBC. Pressley also contends that she was denied training and education offered to other employees at ABJ and some of her duties she performed at JBC were assigned to a younger VA employee with less experience who was not African-American. Pressley also contends that she was excluded from staff meetings and was not provided minutes or agendas for such meetings. In addition, Barrett had allegedly initially indicated a willingness to write a letter of recommendation for Pressley's promotion, but Barrett allegedly withdrew the offer after conferring with Applebaum. Pressley also claims that although the promotion applications of other employees were processed and they were paid at the new grade levels, the Committee did not process Pressley's promotion application and she continued to be paid at a GS-10 grade. Pressley contends that she complained about perceived discrimination and that in retaliation her subsequent performance ratings were unjustifiably lowered. Pressley includes in her complaint a claim alleging race

2

discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*. (Count I), a Title VII race failure-to-promote claim (Count I), a Title VII hostile work environment claim based on Pressley's race (Count II), a Title VII hostile work environment claim based on Pressley's sex (Count II), a claim alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Count III), an ADEA failure-to-promote claim (Count III), a Title VII retaliation claim (Count IV), and an ADEA retaliation claim (Count IV). Defendant now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable

inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

Defendant contends that there are no genuinely disputed material facts and that the court should find in Defendant's favor as a matter of law as to all claims in the instant action.

I.  Title VII Race Discrimination Claims (Count I)

Defendant moves for summary judgment on the Title VII race discrimination claims. A plaintiff seeking to defeat a defendant's motion for summary judgment on a Title VII discrimination claim can proceed under the direct or indirect method of proof. *Morgan v. SVT, LCC*, 2013 WL 3944269, at *4 (7th Cir. 2013). Under the direct method of proof, a plaintiff must present direct evidence of unlawful discrimination or show a "convincing mosaic of circumstantial evidence . . . that point[s] directly to a discriminatory reason for the employer's action." *Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1071 (7th Cir. 2012)(internal quotations omitted)(quoting *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 783 (7th Cir. 2004)). Under the indirect method of proof, a plaintiff must first establish a *prima facie* case. *Morgan*, 2013 WL 3944269, at *4. If the plaintiff establishes a *prima facie* case, "the burden shifts to the employer to offer a non-discriminatory reason for the adverse employment action." *Id.* If the employer offers such a reason,

4

"the burden shifts back to the plaintiff to present evidence that, if believed by the trier of fact, would show that the real explanation for the action is discrimination." *Id.*

A. General Race Discrimination Claim

Defendant moves for summary judgment on the general race discrimination claim. Pressley argues only that she can prevail under the indirect method of proof and Pressley has not pointed to direct or circumstantial evidence, which would enable her to prevail under the direct method of proof. (Ans. SJ 8, 10).

1. *Prima Facie* Case

Defendant argues that Pressley has not established a *prima facie* case. To establish a *prima facie* case for a general race discrimination claim, a plaintiff must show: (1) that she "is a member of a protected class," (2) that she met her "employer's legitimate job expectations," (3) that she "suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class received more favorable treatment." *Morgan*, *LCC*, 2013 WL 3944269, at *4 (internal quotations omitted)(quoting *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012)).

Defendant argues that Pressley has not shown that she suffered an adverse employment action. In the Title VII context, an action by an employer constitutes an adverse employment action if it "materially alter[s] the terms or conditions of

employment," and more specifically, "a materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012)(internal quotations omitted)(quoting *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). An adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities" and "not everything that makes an employee unhappy is an actionable adverse action . . . ." *Id.* (quoting *Crady*, 993 F.2d at 136 and *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)).

Pressley contends that she suffered an adverse employment action when she was transferred from JBC to ABJ. A lateral transfer, which "does not involve a demotion in form or substance, cannot serve as an adverse employment action." *Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 480 (7th Cir. 2010)(internal quotations omitted)(quoting *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008)). The undisputed facts indicate that the transfer from JBC to ABJ was purely a lateral transfer. (R SF Par. 1-10). Pressley admits that the transfer had no effect on her salary. (R SF Par. 24). The undisputed facts show that when Pressley was transferred to ABJ, she retained the same job grade and job description. (R SF Par. 5, 9-10). Although Pressley indicates that she preferred to work at JBC, the mere fact that she was not given her preferred working location does not mean that she

6

was subjected to an adverse employment action. *Porter*, 700 F.3d at 954. Nor has Pressley pointed to evidence showing that her transfer constituted a demotion in substance or reduced her ability to advance in her career. *See Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012)(stating that a transfer could constitute an adverse employment action if it "significantly reduces the employee's career prospects by preventing her from using her skills and experience"). In fact, the undisputed facts are that in 2011, shortly after her transfer to ABJ, Defendant granted a request by Pressley to be transferred to a VA facility in Hines, Virginia. In addition, at that facility, Pressley was able to obtain a license in kinesiotherapy, a safe patient certificate, and in November 2012 was again able to apply for a promotion to GS-11 grade, with the support of her "service chief." (R SF Par. 50, 64-65).

Pressley also contends that she was not given a VA car to drive to ABJ, but Pressley has not cited any evidence to show that a car was an expected benefit for the kinesiotherapist position or that the denial of a request for a car materially altered the terms or conditions of her employment. Pressley also admits that Applebaum did initially provide her with a car to commute to ABJ for a day. (R SF Par. 29). Pressley also admits that after that day, Applebaum "was informed that it was inappropriate for him to allow employees to use a government car to commute to work." (R SF Par. 30).

Pressley contends that she had to drive farther from home to get to ABJ, but such an increased commute is not itself the type of inconvenience that would

7

constitute an adverse employment action in the Title VII context. *Porter*, 700 F.3d at 954; *see also Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004)(holding that the fact that a transfer "lengthened [the plaintiff's] commute" was merely an inconvenience and was not an adverse employment action).

Pressley also contends that she suffered an adverse employment action when she was not promoted and when Barrett declined to write a letter of recommendation for Pressley for a promotion. (Ans. SJ 8). No evidence has been cited by Pressley requiring a supervisory recommendation for a promotion. Nor has Pressley cited evidence that would indicate that it is within the personal discretion of a supervisor to write a letter of recommendation. Nothing in the record shows that a supervisory recommendation was owed to Pressley under the terms of her employment and was denied to her. It is undisputed that Barrett indicated that he decided not to write a letter of recommendation for Pressley because "he no longer felt comfortable supporting Pressley's application" due to her attitude and conduct. (R SF Par. 45-46).

Pressley also contends that she suffered an adverse employment action when she was given a lower performance evaluation. However, the Seventh Circuit has stated that "although negative performance evaluations may be evidence of discrimination, they are not alone considered to be actionable adverse employment actions." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 862 (7th Cir. 2005). Thus, based on the above, Pressley has failed to present sufficient evidence to establish a *prima facie* case.

2.  Pretext

Defendant also argues that even if Pressley had established a *prima facie* case, she has not pointed to sufficient evidence to show that Defendant's legitimate non-discriminatory reasons for its actions were a pretext.  To meet the pretext requirement, a plaintiff must show that the defendant's reason given for the employment action was a lie to hide unlawful discrimination.  *See Martino v. Western & Southern Financial Group*, 715 F.3d 195, 202 (7th Cir. 2013)(stating that "[p]retext means a lie, specifically a phony reason for some action")(internal quotations omitted)(quoting *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1175 (7th Cir. 2002); *Smiley v. Columbia College Chicago*, 714 F.3d 998, 1002-03 (7th Cir. 2013)(stating that the "focus of the pretext inquiry is whether the proffered reason is a lie" and "whether it is the true ground of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground")(internal quotations omitted)(quoting in part *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006); *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 298 (7th Cir. 2010)(stating that to show pretext, the plaintiff must show the action is based on a "lie—not just an error, oddity, or oversight"); *Bodenstab v. County of Cook*, 569 F.3d 651, 657 (7th Cir. 2009)(stating that for the pretext requirement, a plaintiff must show that "the defendant's explanation is unworthy of credence")(internal quotations omitted)(quoting credence *Filar v. Bd. of Educ. of City of Chicago.*, 526 F.3d 1054, 1063 (7th Cir. 2008).

Pressley has failed to point to evidence showing any animus against her because of her race. The mere fact that she was transferred to a new job location and was not given a promotion does not indicate discrimination against her because of her race. Pressley points to no evidence of derogatory statements made to her referencing her race by co-workers or her supervisors. (R SF Par. 67). Defendant has presented ample undisputed facts explaining the policy decisions behind the transfer to ABJ. For example, Defendant contends that when Applebaum moved to his position with PM&R, he "realized that the ABJ clinic needed more staff and that the veteran[s] at the clinic could benefit from the services of a kinesiotherapist." (SF Par. 9). Pressley responds that she admits only that facts were contained in Applebaum's declaration, but Pressley fails to respond to the facts presented by Defendant. (R SF Par. 8). Pursuant to Local Rule 56.1, by not responding to the facts presented by Defendant, and by not citing to contrary evidence, Pressley admits such facts as undisputed. *See Donald v. Portillo's Hot Dogs, Inc.*, 2013 WL 3834402, at *3 (N.D. Ill. 2013)(explaining that "[i]f the opposing party denies a fact as true, [Local Rule 56.1] requires the opposing party to provide 'specific reference to affidavits, parts of the record, and other supporting materials' that support the denial")(quoting LR 56.1(b)); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that "a district court has broad discretion to require strict compliance with Local Rule 56.1"); *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive and non-responsive answers to statements of facts are deemed admissions).

Pressley admits that she requested that Steven Ray (Ray), another kinesiotherapist be the one transferred to ABJ. (R SF Par. 10). Pressley also admits that Applebaum tried to transfer Ray to ABJ, but was unable to do so because of performance issues for Ray when previously working at ABJ. (R SF Par. 11). Pressley argues that Defendant has not produced any actual negative performance evaluations for Ray, but Defendant has presented other circumstantial evidence showing that Ray had performance issues at ABJ and Pressley has not responded with any evidence to rebut the evidence presented by Defendant. (R SF Par. 11).

Defendant presents a detailed line of reasoning as to why Pressley and not any other kinesiotherapist was the proper person for the transfer to ABJ. (SF Par. 11-16). Defendant also contends that Applebaum made Pressley's transfer to ABJ a permanent transfer because it became his only option after several other options were pursued. (SF Par. 17). There is no indication that Applebaum intended to punish Pressley by transferring her to ABJ or that he was transferring her because he thought she had a poor performance history. Pressley admits that Applebaum explained that he was reassigning Pressley "because she was the most experienced therapist, and that she would be able to provide the best services to the veterans receiving treatment at the clinic. . . ." (R SF Par. 20). Although Pressley disagrees with the reasoning provided by Defendant as to Applebaum's decisions, it is ultimately Pressley's burden to show that Applebaum's given reasons were a lie, not just that Applebaum's reasoning was unwise or that Pressley would have acted differently. *See Bates v. City of Chicago*, 2013 WL 4038585 (7th Cir. 2013)(stating

11

that "[t]he focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered")(internal quotations omitted)(quoting *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)).

Pressley also admits that prior to her being selected for the transfer, Applebaum sent out an email to all available kinesiotherapists to see if any of them would volunteer to do a rotation at ABJ. (R SF Par. 15); (SAF Par. 16). Pressley has not submitted evidence showing an intent by her employer to discriminate against her because of her race and age. In fact, the evidence shows that she was granted a transfer to a facility of her choice. Therefore, Pressley has failed to meet the pretext requirement.

The court also notes that Pressley makes some general references to a "pattern" by Defendant selecting African-American females over the age of forty for certain transfers. (R SF Par. 25). However, Pressley falls far short of presenting evidence to substantiate any unlawful pattern of activity by Defendant. Based on the above, Defendant's motion for summary judgment on the Title VII race discrimination claim is granted.

### B. Failure-to-Promote Race Discrimination Claim

Defendant moves for summary judgment on the failure-to-promote race discrimination claim. Pressley argues only that she can prevail under the indirect method of proof and Pressley has not pointed to direct or circumstantial evidence, which would enable her to prevail under the direct method of proof. (Ans. SJ 8, 10).

To establish a *prima facie* case for a failure-to-promote race discrimination claim, a plaintiff must show: (1) that she "was a member of a protected class," (2) that she "was qualified for the position," (3) that she "was rejected for the position," and (4) that "the position was given to a person outside the protected class who was similarly or less qualified than" the plaintiff. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010)(internal quotations omitted)(quoting *Jackson v. City of Chicago*, 552 F.3d 619, 622 (7th Cir. 2009)).

As indicated above, Pressley admits that she ultimately was transferred to a facility of her choice and was able to apply for promotion. Pressley has not shown that she was rejected for any position that was in turn given to another employee outside the protected class. To the extent that Pressley complains about the lack of a letter of recommendation from Barrett, she points to no evidence entitling her to such a recommendation or to evidence showing that Barrett acted out of racial animus in declining to write a letter of recommendation letter for Pressley. Pressley has offered nothing more than speculation as to the timing of the processing of her promotion application and has not presented sufficient evidence to show that any delay was the result of a racial animus. Therefore, Defendant's motion for summary judgment on the Title VII failure-to-promote claim is granted.

II. Hostile Work Environment Claims (Count II)

Defendant moves for summary judgment on the hostile work environment claims. For a hostile work environment claim, a plaintiff must establish: (1) that "her

work environment was both objectively and subjectively offensive," (2) that "the harassment complained of was based on her" protected characteristic, (3) that "the conduct was either severe or pervasive," and (4) that "there is a basis for employer liability." *Porter*, 700 F.3d at 955-56 (internal quotations omitted)(quoting *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009)). In evaluating a hostile work environment claim, the court must "consider the totality of the circumstances, . . . including the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Id.*

### A. Hostile Work Environment Claim Based on Sex

Pressley has failed to point to evidence showing that her workplace was so hostile to her because of her sex that it unreasonably interfered with her work performance. Pressley points to no evidence of derogatory statements made to her, or about her referencing her sex. Pressley admits that women working with her received promotions in the past. Pressley offers no evidence that she suffered any disciplinary actions at work. The undisputed facts also show that Pressley was allowed to take significant portions of time in a paid-leave status, and that she ultimately was transferred to a workplace of her choice where she was able to apply for a promotion. (R SF Par. 38, 39, 50, 64). Pressley's allegations that she was not fully apprised of meetings or given agendas to meetings, and other such allegations of mistreatment, even if true, fall far short of establishing that she was subjected to a

hostile work environment because of her sex. Therefore, Defendant's motion for summary judgment on the hostile work environment claim based on sex is granted.

### B. Hostile Work Environment Claim Base on Age

Pressley offers no evidence to support a hostile work environment claim based on her age. Pressley points to no evidence indicating an animus against her because of her age. Pressley fails to point to evidence showing that her conditions of her employment were unreasonably interfered with because of her age. Therefore, Defendant's motion for summary judgment on the hostile work environment claim based on age is granted.

## III. ADEA Discrimination Claims (Count III)

Defendant moves for summary judgment on the ADEA discrimination claims. A plaintiff seeking to defeat a defendant's motion for summary judgment can proceed under the direct or indirect method of proof. *Naik v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 627 F.3d 596, 599-600 (7th Cir. 2010). Under the direct method of proof, a plaintiff must show "direct evidence of animus . . . or circumstantial evidence which establishes a discriminatory motive on the part of the employer through a longer chain of inferences." *Van Antwerp*, 627 F.3d at 297-98. Under the indirect method of proof, a plaintiff must establish a *prima facie* case. *Naik*, 627 F.3d at 599-600. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to present "a legitimate, nondiscriminatory reason for the

adverse employment action." *Id.* If the defendant presents such a reason, the plaintiff must show that the reason is a pretext for unlawful discrimination. *Id.*

### A. General Age Discrimination Claim

Defendant moves for summary judgment on the general age discrimination claim. Pressley argues only that she can prevail under the indirect method of proof and Pressley has not pointed to direct or circumstantial evidence, which would enable her to prevail under the direct method of proof. (Ans. SJ 8, 10). To establish a *prima facie* case for a general age discrimination claim, a plaintiff must show: (1) that she "is a member of the protected class," (2) that she "was performing well enough to meet [her] employer's legitimate expectations," (3) that she "suffered an adverse employment action," and (4) that "similarly situated employees not in [her] protected class were treated more favorably." *Naik*, 627 F.3d at 599-600.

As explained above, Pressley has failed to show that she suffered an adverse employment action. Therefore, Pressley has failed to establish a *prima facie* case. Nor has Pressley pointed to evidence to show that Defendant's reasons for its actions were a pretext for unlawful discrimination. Pressley has not pointed to evidence of derogatory statements made to her, or about her, relating to her age. Nor has Pressley pointed to sufficient evidence to render the ample evidence relating to Defendant's policy decisions unworthy of credence. Pressley has failed to point to sufficient evidence to show that Defendant lied about its reasons in order to hide its

intent to discriminate against Pressley because of her age. Therefore, Defendant's motion for summary judgment on the general age discrimination claim is granted.

### B. Failure-to-Promote Age Discrimination Claim

Defendant moves for summary judgment on the failure-to-promote age discrimination claim. Pressley argues only that she can prevail under the indirect method of proof and Pressley has not pointed to direct or circumstantial evidence, which would enable her to prevail under the direct method of proof. (Ans. SJ 8, 10). To establish a *prima facie* case for a failure-to-promote age discrimination claim, a plaintiff must show: (1) that "she was 40 or older," (2) that "she applied for and was qualified for the position sought," (3) that "she was rejected for the position," and (4) that "someone substantially younger than she was given the position." *Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 620 (7th Cir. 2001). As explained above, Pressley never suffered any adverse employment action, including being denied a promotion. The undisputed facts show that Pressley was ultimately transferred to a work location of her choice and was able to apply for a promotion. Pressley has failed to show that she was rejected for any particular position that was given instead to someone substantially younger than her. Therefore, Defendant's motion for summary judgment on the failure-to-promote age discrimination claim is granted.

### IV. Retaliation Claims (Count IV)

Defendant moves for summary judgment on the Title VII and ADEA

retaliation claims. A plaintiff seeking to defeat a defendant's motion for summary judgment on a Title VII or ADEA retaliation claim can proceed under the direct or indirect method of proof. *Majors v. General Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013); *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 657-58 (7th Cir. 2012). Under the direct method of proof, a plaintiff must show: "(1) that he engaged in protected activity, (2) that he was subjected to an adverse employment action, and (3) that there was a causal link between the protected activity and the employment action." *Hobgood v. Illinois Gaming Bd.*, 722 F.3d 1030, 1036 (7th Cir. 2013); *Smith*, 674 F.3d at 657-58 (providing direct method for an ADEA retaliation claim). In the alternative, a plaintiff can proceed under the direct method of proof by establishing "a convincing mosaic of circumstantial evidence." *Hobgood*, 722 F.3d at 1036 (internal quotations omitted)(quoting *Rhodes v. Illinois Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)).

Under the indirect method of proof, a plaintiff must establish a *prima facie* case by showing: (1) that she "engaged in a statutorily protected activity," (2) that she "met [her] employer's legitimate expectations," (3) that she "suffered a materially adverse action," and (4) that she "was treated less favorably than some similarly situated employee who did not engage in the statutorily protected activity." *Vaughn v. Vilsack*, 715 F.3d 1001, 1006 (7th Cir. 2013); *see also Majors*, 714 F.3d at 537 (listing elements for *prima facie* case for Title VII retaliation claim); *Smith*, 674 F.3d at 657-58 (providing *prima facie* case elements for ADEA retaliation claim). If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to

18

present a legitimate, nondiscriminatory reason for the adverse action. *Vaughn*, 715 F.3d at 1006; *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). If the defendant presents such a reason, the plaintiff must show that the reason is a pretext for unlawful discrimination. *Id.*

Pressley has failed to point to sufficient evidence to show a causal link between any protected activity on her part and actions taken by Defendant. As explained above, Pressley has failed to show that she suffered an adverse employment action. Nor has Pressley shown that she suffered any adverse action in the retaliation context. The adverse action requirement for the indirect evidence method in the retaliation context has been determined to be broader than a discrimination claim and is defined as an action "that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Silverman v. Board of Educ. of City of Chicago*, 637 F.3d 729, 740-41 (7th Cir. 2011)(internal quotations omitted)(quoting *Roney v. Illinois Dep't of Transportation*, 474 F.3d 455, 461 (7th Cir. 2007)); *see also Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)(stating that the Supreme Court in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) "has construed Title VII's anti-retaliation provision broadly"). For example, a negative performance evaluation could constitute an adverse action sufficient for a retaliation *prima facie* case. *Id.* However, Pressley has not put forth evidence showing that she was ever given a negative performance evaluation. Pressley complains that she was given a "fully satisfactory" rating instead of an "outstanding"

rating. In addition, the undisputed facts show that her "fully satisfactory" rating enabled her to ultimately obtain the promotion that she sought. Pressley has not pointed to any action taken by Defendant that would dissuade a reasonable person from engaging in the protected activity. Pressley has also failed to meet the similarly-situated requirement for her retaliation claims. Thus, Pressley has failed to establish a *prima facie* case. Nor has Pressley established that the given reason for Defendant's actions was a pretext to cover up retaliation against Pressley because of her complaining about discrimination. Defendant has provided ample evidence indicating the policy reasons for its decisions, and Pressley has not presented sufficient evidence to show that Defendant's reason was a lie. Therefore, Defendant's motion for summary judgment on the retaliation claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion for summary judgment is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 20, 2013